Filing # 20533989 Electronically Filed 11/13/2014 02:08:38 PM



EXHIBIT A

## IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
## IN AND FOR PINELLAS COUNTY, FLORIDA
## CIVIL DIVISION

KYLE ETTEL, CHRISTOPHER BUTLER,
and DAVID SOLOMON, Individually and
on behalf of others similarly situated,

    Plaintiffs,

vs.

Case No.: 14-008457-CI

ARRINGTON GROUNDS
MAINTENANCE, INC. and
DOUGLAS DEINS, individually,

    Defendants.
_____/

### COMPLAINT

Plaintiffs, KYLE ETTEL, CHRISTOPHER BUTLER and DAVID SOLOMON, individually and on behalf of others similarly situated, hereinafter collectively referred to as "PLAINTIFFS" pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., by and through their undersigned counsel and sues the Defendants, ARRINGTON GOUNDS MAINTENANCE, INC. and DOUGLAS DEINS, Individually hereinafter collectively known as "DEFENDANTS" and states as follows:

### JURISDICTION AND VENUE

1. This is an action for damages in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00).

2. Venue lies within Pinellas County because a substantial part of the events giving rise to this claim arose in this Judicial District.

### PARTIES

3. Plaintiff, Kyle Ettel, resides in Pinellas County, Florida.

4. Plaintiff, Christopher Butler, resides in Pinellas County, Florida.

5. Plaintiff, David Solomon, resides in Pinellas County, Florida.

6. Defendant, Arrington Grounds Maintenance, Inc., is a Florida corporation authorized and doing business in Pinellas County, Florida.

7. Defendant, Douglas Deins, Individually, is the President of the Defendant Corporation and was acting in a supervisory capacity for Defendant, Arrington Grounds Maintenance, Inc.

8. At all times material Defendant, ARRINGTON GROUNDS MAINTENANCE, INC., was an employer as defined by the laws under which this action is brought.

## GENERAL ALLEGATIONS

9. At all times material, Plaintiffs were qualified to perform their job duties within the legitimate expectations of their employers.

10. Plaintiffs have been required to retain the undersigned counsel to represent them in this action and are obligated to pay them a reasonable fee for their services.

11. Defendant, Douglas Deins, had operational control over the way in which Plaintiffs and others similarly situated were paid, was an owner and/or officer of the Defendant, Arrington Grounds Maintenance, Inc., was the supervisor of Plaintiffs and others similarly situated, and/or had sufficient control of the Defendant, Arrington Grounds Maintenance's day-to-day functions to render him individually liable under the laws under which this action is brought.

## FACTS

12. Plaintiff, Kyle Ettel, was employed with Defendants as a Laborer from approximately May 2013 through June 2013. And then again from July 2013 through December 9, 2013.

13. Plaintiff, Kyle Ettel was paid on a salary basis up until approximately August 2013, at which time his pay was changed to an hourly employee.

14. On or about December 2, 2013, Plaintiff, Kyle Ettel, questioned Defendant, Douglas Deins, about the fact that he had been working forty-five to sixty hours per week but was not getting compensated time and one half pay for the hours he worked over forty.

15. On December 9, 2013, shortly following his complaints, Plaintiff, Kyle Ettel, was terminated from his employment.

16. Plaintiff, David Solomon, began his employment with Defendant as a Laborer on or about August 2013.

17. Plaintiff, David Solomon, was paid on a salary basis.

18. On or about October 14, 2014, Plaintiff questioned Defendant, Douglas Deins, about the fact that he was working over forty hours per week but was not getting compensated time and one half pay for the hours he worked over forty.

19. On October 17, 2014, shortly following his complaints, Plaintiff, David Solomon, was terminated from his employment.

20. Plaintiff, Christopher Butler, began his employment with Defendant as a Laborer on or about March 2013.

21. Plaintiff, Christopher Butler, was paid on a salary basis.

22. Plaintiff, Christopher Butler questioned Defendant, Douglas Deins, about the fact that he was working over forty hours per week but was not getting compensated time and one half pay for the hours he worked over forty.

23. On or about August 2013, shortly following his complaints, Plaintiff, Christopher Butler, was terminated from his employment.

24. The employment of Plaintiffs provided for a forty (40) hour work week, but throughout their respective employment Plaintiffs were required to work and did work a substantial number of hours in excess of forty (40) hours per work week.

25. Plaintiffs regularly and routinely worked over forty (40) hours in a work week.

26. Plaintiffs were not paid time and a one-half their regular hourly rate for each and every hour that they worked in excess of forty (40) hours in a work week for all weeks that they worked.

## COUNT I
## FAIR LABOR STANDARD ACT

27. Plaintiff realleges paragraphs one (1) through twenty-six (26) as though set forth fully herein.

28. At all times material, Defendants, failed to comply with 29 U.S.C. § 201 et seq., in that Plaintiffs worked for Defendants in excess of forty (40) hours per work week, but no provision was made by Defendants to compensate Plaintiffs at the rate of time and one-half for the hours in excess of forty (40) that were worked each week.

29. Defendants' failure to pay Plaintiffs the required overtime pay was intentional and willful.

30. As a direct and legal consequence of Defendants' unlawful acts, Plaintiffs have suffered damages and have incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

WHEREFORE, Plaintiffs demand judgment against the Defendants and for damages as follows:

    a. Overtime compensation

    b.    Liquidated damages;

    c.    Prejudgment interest;

    d.    Payment of reasonable attorneys' fees and costs incurred in the prosecution of this claim.

    e.    Equitable relief declaring and mandating the cessation of Defendants' unlawful pay policy; and

    f.    Such other relief as the court may deem just and proper

## COUNT II

31.    Plaintiffs reallege paragraphs one (1) through eleven (11) and twenty-four (24) through thirty (30) as though set forth fully herein.

32.    At all times material, Defendants employed numerous individuals who were paid in a similar manner to Plaintiffs. Such individuals were similarly situated to Plaintiffs with respect to the terms and conditions of their employment.

33.    Throughout their employment, individuals similarly situated to Plaintiffs were required to work and did work a substantial number of hours in excess of forty (40) hours per work week.

34.    At all times material, Defendants failed to comply with 29 U.S.C. § 201, et seq., in that individuals similarly situated to Plaintiffs worked for Defendants in excess of the maximum hours provided by law, but no provision was made by Defendants to compensate such individuals at the rate of time and one-half for hours worked in excess of forty (40).

35.    Defendants' failure to pay such similarly situated individuals the required overtime pay was intentional and willful.

36.    As a direct and legal consequence of Defendants' unlawful acts, individuals similarly

situated to Plaintiff have suffered damages and have incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

## COUNT III
## RETALIATION- FAIR LABOR STANDARD ACT

37. Plaintiffs, Kyle Ettel, Christopher Butler and David Solomon reallege paragraphs one (1) through thirty (30) as though set forth fully herein.

38. Plaintiffs were terminated from their employment with Defendants as a direct result of, and in retaliation for, their reporting and opposing the above described unlawful conduct.

39. The above described actions of Defendants constitute a violation of the Fair Labor Standard Act, 29 U.S.C. § 215.

40. As a result of the retaliatory actions of Defendants, Plaintiffs have suffered damages including lost wages, benefits, and other remuneration, emotional distress and humiliation. These losses are permanent or intermittent and will continue into the future.

41. As a result of Defendants' unlawful acts against Plaintiffs they have and will continue to incur attorney's fees and costs.

WHEREFORE, Plaintiffs demand a trial by jury against Defendants for compensatory damages, lost wages and benefits, prejudgment interest, liquidated damages, attorney's fees and costs, and any other damages allowable by law.

## DEMAND FOR JURY TRIAL

Plaintiffs requests a jury trial on all issues so triable.

Dated this 13th day of November 2014.

FLORIN, ROEBIG, P.A.

/s/Wolfgang M. Florin
Wolfgang M. Florin

Primary E-mail address: wmf@florinroebig.com
Florida Bar No.: 907804
Lindsey C. Kofoed
Primary E-mail address: lck@florinroebig.com
Florida Bar No.: 63956
Secondary E-Mail Addresses:
laborservice@florinroebig.com
tsm@florinroebig.com
777 Alderman Road
Palm Harbor, FL 34683
Telephone No.: (727) 786-5000
Facsimile No.: (727) 772-9833
Attorneys for Plaintiff(s)